UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK LEE,

    Plaintiff,

v.

HON. ROBERT H. CLELAND, ET AL.,

    Defendants.
                                              /

Case No. 15-10289

Honorable Nancy G. Edmunds

**ORDER OF DISMISSAL**

On January 16, 2015, Plaintiff filed a *pro se* civil rights complaint against Judge Robert H. Cleland and a variety of state actors complaining that he was "falsely charged, tried, convicted and sentenced from a fabricated state court [document]." (Compl. at 1). A review of Plaintiff's complaint suggests that the thrust of his claim surrounds the circumstances prompting his failed petition for a writ of habeas corpus in this Court. *See Lee v. Prelesnik*, 05-74174, (E.D. Mich. Nov. 29, 2007) (Cleland, J). While Plaintiff fails to identify a specific cause of action in his complaint, he appears to be arguing that his civil rights were violated under 42 U.S.C. § 1983. For the reasons stated below, the Court will dismiss Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted.

In 2000, a Michigan state court jury convicted Plaintiff of possession of cocaine, being a felon in possession of a firearm, and possessing a firearm during the course of a felony. Plaintiff was sentenced to thirty-six to ninety-six months of imprisonment, plus two years for the felony firearm charge. On November 1, 2005, Plaintiff filed a petition for habeas relief with this Court, raising claims of jury instruction error, double jeopardy violations, and

a lack of jurisdiction by the state trial court. *See Lee,* 05-74174 (Dkt. #1). The district judge assigned to Plaintiff's habeas petition, Robert H. Cleland, rejected Plaintiff's arguments of actual innocence and equitable tolling in finding that the petition was barred by the statute of limitations. 28 U.S.C. § 2244(d). The district court's decision was affirmed by the Sixth Circuit, *Lee v. Preslesnik,* 08-1058, (6th Cir. June 30, 2008), and the Supreme Court denied Plaintiff's petition for a writ of certiorari. While Plaintiff has since been released from custody, he now seeks to purse his civil remedies against the state court actors responsible for his initial conviction, and Judge Cleland for denying his habeas petition.

Plaintiff's Complaint is subject to dismissal for several reasons. First, to the extent that Plaintiff seeks monetary damages arising from the state court criminal proceedings, he would be unable to obtain such damages absent a showing that his conviction had been overturned. Indeed, to recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must first prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated. *See Patrick v. Laskaris*, 25 F.Supp.2d 432, 433(S.D.N.Y.1998).

Here, as discussed, despite Plaintiff's efforts--including a petition to the U.S. Supreme Court--he has failed to successfully challenge the validity of his conviction. If Plaintiff were to prevail on the claims contained in his complaint, the validity of his conviction would

necessarily be called into question. Such claims are barred by *Heck* and must be dismissed. *See Heck*, 512 U.S. at 486–87.

In addition, the court finds that Defendant Judge Robert H. Cleland is entitled to absolute immunity in this case to the extent Plaintiff is requesting monetary damages. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (finding that a judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir.1996) (citing *Mireles*, 502 U.S. at 9); *see also Kircher v. City of Ypsilanti*, 458 F.Supp.2d 439, 446–47 (E.D.Mich.2006) (noting that judges are entitled to absolute judicial immunity).

The United States Court of Appeals for the Sixth Circuit has described the immunity from suit enjoyed by judges as follows:

> [J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication . . . . Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability.

*Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir.2001) (internal citations omitted). Plaintiff's challenge to the habeas proceedings in the federal district court involve the performance of judicial duties by the Honorable Judge Cleland. Absolute judicial immunity is overcome

in only two situations: (1) when liability is based on non-judicial actions; "i.e., actions not taken in the judge's judicial capacity," and (2) when liability is based on actions taken in the complete absence of jurisdiction." *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999). Because Plaintiff does not allege facts that fall within these two situations, Judge Cleland is absolutely immune and all claims asserted against him in this matter are DISMISSED WITH PREJUDICE.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 9, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager

in only two situations: (1) when liability is based on non-judicial actions; "i.e., actions not taken in the judge's judicial capacity," and (2) when liability is based on actions taken in the complete absence of jurisdiction." *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999). Because Plaintiff does not allege facts that fall within these two situations, Judge Cleland is absolutely immune and all claims asserted against him in this matter are DISMISSED WITH PREJUDICE.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 9, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 9, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager